[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION REGARDING DEFENDANT'S MOTION FOR ARTICULATIONREGARDING THE COURT'S DENIAL OF DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE
The parties are before the court on the defendant's motion for articulation regarding the court's denial of the defendant's motion to correct an illegal sentence. The defendant requests that the court state any legal and factual bases relied upon in its denial of the defendant's motion to correct an illegal sentence. The defendant's motion for articulation is GRANTED. The following constitutes the court's articulated decision.
First, the defendant argues that he should not have been convicted of the charges of carrying a pistol without a permit under General Statutes §§ 29-37(b) and 29-35, and manslaughter in the first degree under General Statutes § 53a-55(c)(3). The defendant claims that both of these convictions were illegal because: (1) the defendant had the pistol on his property, not on his person; and (2) he acted in defense of CT Page 15420 property and self. (Trans. of Motion Hearing at 3-5, May 5, 1999.) The defendant entered a plea of guilty to both of these charges on November 13, 1990. The defendant has not raised any claims that he received inadequate or incorrect advice from counsel regarding pleading versus proceeding with any affirmative defenses at trial. See Hill v. Lockhart,474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Second, the defendant claims that he was illegally sentenced by the court on November 13, 1990, because the court failed to inform the defendant that a conviction for murder under General Statutes §53a-54a[1] would render the defendant ineligible for parole, pursuant to General Statutes § 54-125a(b)[2]. The defendant, at the motion hearing held on May 5, 1999, did not claim that he was not sentenced pursuant to the applicable statutes, but rather claimed that his sentence is illegal because his plea was not entered in a knowing and intelligent manner.[3] The defendant argues that his plea could not have been knowing and intelligent because the court indicated that parole eligibility existed, when, in reality, the charge he pleaded to offered no opportunity for parole.
In canvassing a defendant before accepting any plea, the court must inquire of and inform the defendant about five specific details. A plea canvass requires the court to question the defendant regarding his or her understanding of: "(1) The nature of the charge to which the plea is offered; (2) The mandatory minimum sentence, if any; (3) The fact that the statute for the particular offense does not permit the sentence to be suspended; (4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and (5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront the witnesses against him or her, and the right not to be compelled to incriminate himself or herself. Practice Book § 39-19.
The Supreme Court of Connecticut recently held that a plea is not invalid simply because the court did not inform the defendant of his ineligibility for parole under General Statutes § 54-125a. State v.Andrews, 253 Conn. 497, 752 A.2d 49 (2000)[4] In Andrews, the trial court canvassed the defendant pursuant to Practice Book § 39-19
before accepting his plea of guilty to a charge of murder. Id., 500. The court informed the defendant about the length of the sentence it would impose and inquired as to whether the defendant still desired to plead to CT Page 15421 the charge. Id., 501. The defendant accepted and later moved to withdraw his plea on the ground that it was not knowing and intelligent because the court failed to notify him of his statutory ineligibility for parole. Id.
"[D]ue process does not require a trial court to advise the defendant of his statutory ineligibility during a plea canvass." Id., 512. The court held that Boykin does not require that a defendant be informed of his statutory ineligibility for parole, because such ineligibility is not a "direct consequence of a guilty plea." State v. Andrews, supra,253 Conn. 512-13.
In a post-conviction hearing on the defendant's motion to correct an illegal sentence, the defendant represented that the court had informed him at his plea canvass that he would be eligible for parole. (Trans. of Motion Hearing at 7, lines 1-17, Feb. 5, 1999.) The defendant, in his assertion that the court informed him that he would be eligible for parole, relies upon a portion of the plea canvass. (Def. Motion for Articulation, dated Aug. 23, 2000.) The following colloquy occurred at the plea canvass:
 The Court: "And, do you understand what the maximum penalty can be in respect to the offense of murder?"
The Defendant: "Yes, Sir."
The Court: "And can you tell me what you understand that to be?"
The Defendant: "I believe, life without parole."
The Court: "Not true. Is that right?"
The State: "You're right, he's wrong."
The Court: "The maximum is life."
Defense Counsel: "Life imprisonment."
The Court: "What?"
The State: "Sixty years.
Defense Counsel: "Yes."
The Court: "Which in your life would total CT Page 15422 seventy-seven years of age, correct?"
The Defendant: "Yes, sir."
The Court: "All right. Do you understand that, now?"
The Defendant: "Yes."
 The Court: "As you are charged with capital felony given to natural lives, you'd have no benefit of parole. That is not in the cards at this time. Do you understand that?"
The Defendant: "Yes."
The Court: "Did you confuse that?"
The Defendant: "Yes, Sir."
The Court: "You now understand what your maximum sentence is?
The Defendant: "Yes, Sir."
The Court: "And the murder alone, sixty years or life?"
The Defendant: "Yes."
(Trans. of Plea Canvass at 72-73. Nov. 13, 1990.)
A sentence of life without parole is distinguishable from a sentence of life. A sentence of life carries a maximum term of sixty years.[5]
Thus, an inmate sentenced to a definite life sentence of sixty years could be released if he or she survives that term. A sentence of life without parole carries a definite sentence of an inmate's natural life. General Statutes § 53a-35b. Thus, regardless of the number of years served or how old the inmate lives to be, the inmate will remain incarcerated.
The court's clarification on the record that the defendant was not subject to life without parole did not mean that the defendant would be eligible for parole. A sentence of life versus a sentence of life without the possibility of release means that the defendant will be eligible for release, not parole.
In the instant case, the court canvassed the defendant in accordance CT Page 15423 with Practice Book § 39-19. (Trans. of Plea Canvass at 72-73, Nov. 13, 1990.) The court informed the defendant as to the maximum penalties for each charge to which a guilty plea had been entered. Id. That the defendant inferred from the court's comments that he would be eligible for parole does not in any way invalidate the defendant's plea or sentence. See State v. Andrews, 253 Conn. 513 (defendant assumed parole eligibility). As such, the defendant's motion to correct an illegal sentence is DENIED.
FORD, J.